**AVISTA CORPORATION, Petitioner**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 11–1397, 11–1432.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 18, 2013.

Thomas Wiliam Mclane, Randall Danskin, PS, Spokane, WA, for Petitioner.

Julie B. Broido, Supervisory, Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, Kellie J. Isbell, National Labor Relations Board, Washington, DC, for Respondent.

Before: ROGERS and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

These causes came to be heard on petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("NLRB" or "Board"). This action was considered on the record from the NLRB and on the briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review is denied and the Board's cross-application for enforcement is granted.

This case involves Petitioner's ("Avista's") failure and refusal to bargain with the International Brotherhood of Electrical Workers, Local 77, AFL–CIO ("Union") after Avista's distribution dispatchers voted in favor of union representation in a Board-sanctioned election. The Board found that Avista's refusal to bargain violated Section 8(a)(1) and (5) of the National Labor Relations Act ("Act"). 29 U.S.C. § 158(a)(1), (5). Accordingly, it ordered Avista to recognize and bargain with the Union. *See AVISTA CORP.,* 357 N.L.R.B. No. 41, 2011 WL 3488556 (Aug. 9, 2011).

Avista does not dispute that it has refused to bargain. Instead, it claims that, in the underlying representation proceeding, the Board erred in finding that Avista failed to meet its burden of proving that the employees who comprise the bargaining unit are statutory supervisors and thus exempt from the Act. *See AVISTA CORP.*, Case 19–RC–15234 (Apr. 11, 2011); *see also* 29 U.S.C. § 152(11) (defining "supervisor"). Avista refused to bargain in order to secure judicial review of the Board's decision in the representation case because direct review of certification decisions is unavailable under the Act. *See Boire v. Greyhound Corp.*, 376 U.S. 473, 476–79, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964).

This court must uphold the Board's determination that the disputed employees—electricity and gas distribution dispatchers—are not "supervisors" as defined in Section 2(11) of the Act if it is supported by substantial evidence. *See Jochims v. NLRB*, 480 F.3d 1161, 1167 (D.C.Cir.2007) (citing *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 361, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998)); *see also Desert Hosp. v. NLRB*, 91 F.3d 187, 193 (D.C.Cir. 1996) ("A Board determination regarding supervisory status is entitled to special weight and is to be accepted if it has warrant in the record and reasonable basis in the law."). Whether an employee is a supervisor must be determined on the basis of record evidence. *See Oil, Chem. & Atomic Workers Int'l Union, AFL–CIO v. NLRB*, 445 F.2d 237, 243 (D.C.Cir.1971) ("[W]hat the statute requires is evidence of actual supervisory authority visibly translated into tangible examples demonstrating the existence of such authority."). The Board's determination in this case easily survives review.

There is more than substantial evidence in the record to support the Board's finding that the distribution dispatchers in this case are not statutory supervisors, and the Board's judgment is consistent with controlling law. Most of Petitioner's briefing simply disputes the Board's characterization of the factual record. Petitioner fails to raise any factual issues sufficient to overcome the deference that we owe the Board.

Petitioner also challenges the Board's supposed reliance on *Mississippi Power and Light Co.*, 328 N.L.R.B. 965, 973, 1999 WL 551405(1999). *Mississippi Power* found that an electric utility's distribution dispatchers were not statutory supervisors, but its reasoning was subsequently called into question by the Supreme Court in *NLRB v. Kentucky River Community Care, Inc.*, 532 U.S. 706, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001); *see also Entergy Gulf States, Inc. v. NLRB*, 253 F.3d 203, 210–11 (5th Cir.2001). However, the Board's certification order in this case expressly disclaimed any reliance on *Mississippi Power* and easily stands without it. *See AVISTA CORP.*, Case 19–RC–15234, at 2 n. 2 (Apr. 11, 2011) ("[W]e find it unnecessary to rely on the Regional Director's discussion of *Mississippi Power* . . . ."). The Board primarily relied on *In re Oakwood Healthcare, Inc.*, 348 N.L.R.B. 686 (2006), which undisputedly reflects sound law. *Id.*

Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41(a)(1).